Pearson, C. J.
Assuming that the plaintiff was, in the first instance, entitled to exemption as the owner or manager of fifteen hands, we are of opinion that he is too late in now making an application on that ground.
*35 One of the conditions of the exemption is, that the par7 ty “ shall sell the surplus of provisions and grain now on hand, and which'he-may raise from year to year, to the government,” &c. * .
We think the application must be made in reasonable time, so that the government may have the benefit of this condition in respect to the provisions and grain on hand. This application was not made until November, 1864, nine mouths after the passage of the act, which is not in reasonable time ; for during that period, the surplus of provision® and'grain on hand in' February, 1864, may have been sold, exchanged, or otherwise disposed of, and thus the government would lose the benefit of a condition, which has been made impossible by the act of the plaintiff.
Whether an allegation, that the plaintiff had on hand at the time he made fhe application now relied on, the same surplus. of provisions and grain which lie had in February,' 1864, -would have met this objection, is a question not presented. It would seem, owing to the nature of the subject, that the government should not be subjected to the inconvenience of going into such collateral matters, b}"- the folly or mis (in tunc of the plaintiff, in not putting his claim to.exemption, in the first instance, on the ground he now takes, in few words, the exemption is made to-depend on a condition precedent tha; tl-c government shall Lave b.'h v.i'pUis provisions si ml g'an- at -certain rates.. Its- performance is made impossible by the delay of the plaintiff, which is his misfortune.
The case of Savage, on wliicli His Honor puts his opinion, was decided without reference to the point on whieh this decision is put. It is a new suggestion on the' con *36 s traction of .the act of Congress,'but we'think, wellfoua,-. ded.
There is error. Judgment reversed'and judgment that the petitioner be remanded.